## Heckman v. Glass

On November 13, 1978, defendant Union Artificial Limb and Brace Company, hereinafter Union, filed preliminary objections and a brief in support thereof. On December 4, 1978, plaintiff filed a brief in opposition to preliminary objections.

Defendant Union argues that the Arbitration Panels for Health Care have no jurisdiction over the claim against it since that claim is based solely upon the theory of strict liability and/or breach of warranty for the manufacture and sale of a defective product, i.e., a neck brace. In Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295, 1298 (1978), the Commonwealth Court of Pennsylvania discussed the jurisdiction of the Arbitration Panels for Health Care over nonhealth care providers:

"[T]he term 'nonhealth care provider' does not refer to all persons not included in the definition of 'health care provider' in Section 103, but rather was intended to encompass those persons who, like manufacturers of drugs or medical instruments, although not health care providers as defined by Section 103, are kindred to health care providers."

We feel that the neck brace manufacturer in this case, unlike the snowball thrower in Redinger, supra, is kindred to a health care provider in the same sense that a drug or medical instrument manufacturer is, and therefore falls within the category of nonhealth care providers over which we have jurisdiction.

## ORDER

And now, January 10, 1979, upon consideration of defendant Union Artificial Limb and Brace Company's preliminary objections and brief in support thereof, and the brief in opposition filed by plaintiff, it is hereby ordered and decreed that said defendant's motion to dismiss for lack of jurisdiction is denied.